OPINION OF THE COURT
William N. Ellison, J.
Defendant Cornell University (Cornell) has moved for an order pursuant to CPLR 3211 (subd [a], pars 1, 2, 7) dismissing the above-entitled action upon the grounds that there exists a documentary defense, that the court lacks jurisdiction of the subject matter, and that the complaint fails to state a cause of action.
The action arises from injuries sustained by plaintiff on September 24, 1981, when a muffler on k farm tractor exploded. Plaintiff applied for and received workers’ compensation benefits as an employee of “NYS Colleges-Cornell University Ithaca, N. Y.” The question before the court is whether plaintiff was an employee of Cornell University so as to make workers’ compensation his exclusive remedy, thus barring the instant action against Cornell, or whether he was an employee of “State University”, as alleged in the complaint.
In support of its motion, movant has submitted the affidavit of its administrative assistant in the finance and business office of Cornell University which states that plaintiff was an employee of Cornell University. Attached to that affidavit is a copy of a Cornell University-payroll authorization form indicating plaintiff’s status as a full- *460 time field assistant, effective August 20, 1981, and a copy of the Cornell University payroll register listing plaintiff as a payee.
In support of his contention that he was an employee of the New York State College of Agriculture and Life Sciences, plaintiff relies primarily on a copy of a letter from the State Insurance Fund to the attorneys for Cornell which refused Cornell’s tender of the defense of this action on the ground that the State Insurance Fund does not insure Cornell. Cornell’s attorneys assert that this was a misunderstanding on the part of the State Insurance Fund.
The Court of Claims, in an action by this plaintiff on the same set of facts against the State of New York and New York State College of Agriculture at Cornell University, stated in its order granting State college’s motion for summary judgment, that “New York State College of Agriculture at Cornell University is a part of Cornell University and not a State agency” (Neish v State of New York, Court of Claims, Aug. 25, 1982, order of Lowery, J.). In a similar motion by the State of New York, the same court held that Mr. Neish was an employee of the “New York State College of Agriculture at Cornell University, a division of Cornell University.” (Neish v State of New York, memorandum decision and order, Court of Claims, Sept. 9, 1982, Lowery, J.). The Court of Claims in each of these instances relied on several older cases which clearly establish that Cornell and its State colleges are not governmental agencies and that liability for the negligence of the New York State College of Agriculture rests with Cornell (Hamburger v Cornell Univ., 184 App Div 403, affd 226 NY 625; Greene v State of New York, 107 Misc 557; Greene v Cornell Univ., 193 App Div 924, affd 233 NY 519).
Additionally, it appears that employees of the College of Agriculture and Life Sciences at Cornell have always been held to be Cornell employees (1899 Opns Atty Gen 230; 1928 Opns Atty Gen 215).
Under the circumstances, plaintiff must be deemed to be an employee of Cornell University and barred by the *461 Workers’ Compensation Law from maintaining the instant action against Cornell. Defendant Cornell University’s motion for summary judgment dismissing the complaint is granted.